IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| THE CORNUCOPIA INSTITUTE, | OPINION AND ORDER |
| Plaintiff, | |
| | 06-C-0182-C |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552. In its complaint, plaintiff Cornucopia Institute alleged that defendant United States Department of Agriculture improperly withheld or redacted thousands of pages of documents regarding pasture guidance and organic pasture rules for organic dairy cows. This case is before the court on plaintiff's and defendant's cross motions for summary judgment.

Because the plaintiff has all the documents it requested in unredacted form, no substantive issues remain in dispute. Accordingly, I will deny both plaintiff's and defendant's motions for summary judgment and dismiss this case as moot. Because neither party prevailed, I will deny defendant's request for costs and plaintiff's request for costs and fees.

1

From the facts proposed by the parties, I find the following are material and undisputed.

## UNDISPUTED FACTS

Plaintiff Cornucopia Institute is a non-profit organization incorporated in the state of Wisconsin under Chapter 181 of the Wisconsin Statutes. It is recognized as a public charity under section 501(c)(3) of the Internal Revenue Code. According to its mission statement, plaintiff researches and investigates agricultural issues and provides information to consumers, family farmers, the media and the public. Defendant United States Department of Agriculture administers the National Organic Program pursuant to the Organic Foods Production Act, 7 U.S.C. §§ 6501-6522 (2000).

On August 19, 2005, plaintiff submitted its first request for information to defendant, seeking correspondence from January 1 to August 17, 2005, relating to pasture guidance and pasture rules for organic dairy cows. On October 12, 2005, defendant sent a letter notifying plaintiff that defendant would be taking the extra ten days permitted by statute to process plaintiff's request (in addition to the twenty ordinarily permitted). The defendant provided no documents with this letter.

On August 31, 2005, plaintiff submitted its second request for information to defendant, seeking documents related to complaints involving three dairies. On October 12,

2005, defendant provided a final response complete with 32 documents (63 pages). It notified plaintiff that three documents were being withheld pursuant to 5 U.S.C. § 552(b)(4) and (b)(5): a fax cover sheet, a complaint letter and a two-page email chain. After plaintiff filed an administrative appeal, defendant provided each of the withheld documents on July 14, 2006, but it redacted the number of cows on the farm, the number of acres of pasture and the names of non-managerial employees copied on the complaint letter (claiming exemption (b)(6)).

On November 14, 2005, plaintiff submitted its third request for information to defendant, seeking correspondence from August 17 to November 14, 2005, relating to pasture guidance and pasture rules for organic dairy cows. Defendant provided an interim response to this request on March 9, 2006, in which it stated that because of the volume of documents requested, defendant would again be taking the extra ten days permitted by statute. Defendant provided no documents with the interim response.

On February 14, 2006, plaintiff submitted its fourth request to defendant, seeking correspondence from November 13, 2005, to February 12, 2006, relating to pasture guidance and pasture rules for organic dairy cows. Again, defendant's only response was a letter stating that it was taking the extra ten days to respond as permitted by statute.

Plaintiff filed this lawsuit on April 6, 2006, seeking an injunction pursuant to 5 U.S.C. § 552(a)(4)(B) requiring defendant to produce the requested documents and a writ

3

of mandamus, pursuant to 28 U.S.C. § 1361, compelling defendant to comply with its duty under the Freedom of Information Act. On June 1, 2006, defendant responded to plaintiff's August 19, 2005, November 14, 2005, and February 14, 2006, requests, releasing thousands of pages but withholding some in part or in full.

For the documents withheld, defendant produced a <u>Vaughn</u> index indicating the exemption justifying the withholding. Of these, plaintiff challenged only the redactions on the complaint letter sent to Aurora Dairy. On January 29, 2007, defendant provided plaintiff with the Aurora Dairy complaint letter without the contested redactions.

OPINION

A.  <u>Issues Still in Dispute</u>

In determining whether either party is entitled to summary judgment, the threshold question is whether any substantive issues remain in dispute. The answer is no.

Plaintiff's sole claim is that defendant improperly withheld and redacted documents in violation of the Freedom of Information Act. Although defendant had failed to release numerous documents at the time plaintiff filed this lawsuit, by the time the parties filed their motions for summary judgment, defendant had released thousands of additional pages of documents. In its summary judgment submissions, plaintiff identified no documents that were being withheld improperly and only one document that it asserted had been redacted

improperly, a complaint letter against Aurora Dairy. When defendant filed its reply brief in support of its motion for summary judgment, it provided plaintiff with a copy of the complaint letter without the redactions to which plaintiff objected, which were those relating to the number of cows and acres of the Aurora Dairy.

Thus, it appears that plaintiff has now received all of the information that it sought from defendant. Although the complaint letter still redacts the name of a non-managerial employee, plaintiff has not suggested in its summary judgment materials that it is seeking the identity of that employee. With no documents left in dispute, plaintiff cannot obtain injunctive relief. Plaintiff cannot obtain monetary relief. Indeed, it would not be entitled to monetary relief even if defendant had violated plaintiff's rights by failing to provide the requested documents within the time frame required by the statute. As plaintiff recognizes, the Freedom of Information Act does not authorize money damages for violations of the statute. 5 U.S.C. § 552(a)(4)(B).

In its brief supporting its motion for summary judgment, plaintiff appears to suggest that it is entitled to a declaration that defendant violated its rights under the Freedom of Information Act. It presents this argument more directly in its surreply brief, which it filed without first seeking leave of court and in contravention of this court's summary judgment procedures. Plaintiff cites Bogan v. FBI, No. 04-C-532-C, 2004 U.S. Dist. LEXIS 17594 (W.D. Wis. Aug. 24, 2004), and Bogan v. FBI, No. 04-C-532-C, 2005 U.S. Dist. LEXIS

5

11483 (W.D. Wis. June 7, 2005), to support the proposition that it may receive declaratory relief for defendant's failure to meet the 20-day time frame, but neither case addresses the availability of declaratory relief under the Freedom of Information Act.

The Freedom of Information Act provides that United States district courts "ha[ve] jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The statute provides no authority to issue declaratory relief when an agency provides all responsive documents but fails to do so within the time permitted. Accordingly, I conclude that no relief remains available to plaintiff and the action is moot. E.g., Walsh v. United States Dept. of Veterans Affairs, 400 F.3d 535, 536-37 (7th Cir. 2005) ("[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the [Freedom of Information Act] becomes moot") (internal quotations omitted).

### B.  Substantially Prevailing Party

In a Freedom of Information Act case, the plaintiff is entitled to attorney's fees and costs when it "substantially prevail[s]." 5 U.S.C. § 552(a)(4)(E). Plaintiff devotes most of the space in its briefs to its arguments that it is entitled to prevailing party status. The crux of plaintiff's theory is that it forced defendant to produce the requested documents by filing this suit. In support of this position, plaintiff cites several cases from the 1970's and 1980's

that accepted plaintiff's argument, which is commonly referred to as the "catalyst theory."

I need not determine whether plaintiff's suit caused defendant to produce the more than 2,500 pages provided to plaintiff because the catalyst theory no longer holds sway in determining prevailing party status. In <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598 (2001), the Supreme Court held that to qualify as a prevailing party one must obtain judicial relief that alters the legal relationship of the parties. Examples of such relief include a court order or a court-ordered consent decree. <u>Id.</u> at 604-05.

Although <u>Buckhannon</u> addressed the fee shifting provisions in the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12205, other courts have applied <u>Buckhannon</u>'s reasoning to cases involving the Freedom of Information Act. <u>See, e.g.,</u> <u>Union of Needletrades v. United States Immigration and Naturalization Service</u>, 336 F.3d 200, 207 (2d Cir. 2003); <u>Oil, Chemical, and Atomic Workers International Union v. Dept. of Energy</u>, 288 F.3d 452, 455 (D.C. Cir. 2002). I agree with these courts that <u>Buckhannon</u>'s rejection of the catalyst theory applies to the fee shifting provision in the Freedom of Information Act. Although the statutes at issue in <u>Buckhannon</u> employ the term "prevailing party" rather than "substantially prevailing party," this difference has no bearing on this case. First, like the Court of Appeals for the District of Columbia, the Supreme Court treats fee shifting statutes similarly, even when

7

their language is not identical.  Buckhannon, 532 U.S. at 602-03; Peterson v. Gibson, 372 F.3d 862, 865 (7th Cir. 2004) (applying Buckhannon to fee awards under 42 U.S.C. § 1988);  Oil, Chemical, and Atomic Workers International Union, 288 F.3d at 454-56. Second, the modifier "substantially" might change how much a party must prevail, that is, the number or importance of the issues on which the party obtains relief.  However, it does not change the type of result that qualifies as prevailing.  Accordingly, I find that the standard set forth in Buckhannon for determining a prevailing party applies to cases brought under the Freedom of Information Act.

Applying the Buckhannon standard, I concluded that plaintiff has not "substantially prevailed."  As discussed above, plaintiff is not entitled to injunctive, monetary or declaratory relief.  Even if plaintiff were entitled to a declaration that defendant had violated its rights under the Freedom of Information Act, this would not entitle plaintiff to attorney fees.  In Rhodes v. Stewart, 488 U.S. 1, 4 (1988), the Supreme Court held that an award of declaratory relief that causes no change in defendant's behavior towards plaintiff does not make a plaintiff a prevailing party.  In Rhodes, the plaintiffs alleged violations of their First and Fourteenth Amendment rights because the prison denied their request to subscribe to a magazine.  Id. at 2.  They sought declaratory relief under 42 U.S.C. § 1983 and attorney fees under 42 U.S.C. § 1988.  Id.  The Court noted that at the time of the district court's order, neither plaintiff remained incarcerated.  Id. at 4.  Because no alteration in prison

8

policy could benefit the plaintiffs, they failed to attain prevailing party status. Id. In the present case, defendant has provided plaintiff with all of the requested documents. Plaintiff has provided no reason to think that a declaration would alter its legal relationship with defendant in any way. Thus, I conclude that plaintiff has failed to show that it substantially prevailed.

I come to the same conclusion with respect to defendant, which has requested costs under Fed. R. Civ. P. 54. That rule provides that the prevailing party is entitled to costs as a matter of course unless the court directs otherwise. Although I have concluded that plaintiff did not prevail, it does not follow that defendant did prevail. Like plaintiff, defendant did not win on any substantive point of law. Instead, defendant mooted the action by producing the last disputed document in its unredacted state. In re Wade, 969 F.2d 241, 248 (7th Cir. 1992). Accordingly, defendant is not entitled to costs.

ORDER

IT IS ORDERED that

1. The motions for summary judgment filed by plaintiff Cornucopia Institute and defendant United States Department of Agriculture are DENIED and this case is DISMISSED as moot.

2. Plaintiff's request for attorney fees and costs is DENIED.

9

3. Defendant's request for costs is DENIED.

Entered this 21st day of February, 2007.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge